# MEMORANDUM DECISIONS.

ABILENE v. FOLEY. (Circuit Court of Appeals, Fifth Circuit. February 25, 1897.) No. 510. In Error to the Circuit Court of the United States for the Northern District of Texas. T. J. Freeman, Wm. Alexander, W. H. Clark, and W. L. Hall, for plaintiff in error. W. L. McDonald, for defendant in error. Dismissed pursuant to the twentieth rule.

ALABAMA G. S. R. CO. v. CARROLL. (Circuit Court of Appeals, Fifth Circuit. June 7, 1897.) No. 516. In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Alabama. A. G. Smith and James Weatherly, for plaintiff in error. Sam. Will John and Richard L. Brooks, for defendant in error. Reversed and remanded, with directions to dismiss for want of jurisdiction. A petition for a rehearing having been allowed, the opinion was on June 7, 1897, withdrawn by order of the court. See 28 C. C. A. 207, 84 Fed. 772.

AMERICAN CONST. CO. v. PENNSYLVANIA CO. FOR INS. ON LIVES AND GRANTING ANNUITIES. (Circuit Court of Appeals, Fifth Circuit. April 20, 1897.) No. 520. Appeal from the Circuit Court of the United States for the Southern District of Florida. H. Bisbee and C. D. Rinehart, for appellant. J. C. Cooper, for appellee. Dismissed pursuant to the twentieth rule.

PRESIDENT, ETC., OF BANK OF KENTUCKY v. CITY OF LOUISVILLE.

(Circuit Court, D. Kentucky. June 4, 1898.)

No. 6,556.

RES JUDICATA.

Humphrey & Davie, for complainant.
Henry L. Stone, for defendant.

Before HARLAN, Circuit Justice, and TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge. The bill filed herein presents the same questions as those already considered in the case of Bank v. Stone, 88 Fed. 383; but it relates to the taxes for 1893-94, which were certified down by the state board of valuation and assessment to the city of Louisville for collection. We do not think that the questions differ in any respect from those already considered, and must therefore hold that the city of Louisville is estopped by the former judgment between the bank of Kentucky and it, in which it was held by the court of appeals of Kentucky that the Bank of Kentucky had an irrevocable contract under the Hewitt act (Act Ky. May 17, 1886) for the exemption of the property and franchise of the Bank of Kentucky from any other taxation than as therein imposed; and therefore that the bank is entitled to the preliminary injunction against the collection by the city of Louisville and its agents of the taxes provided in the revenue act of November, 1892. The demurrer to the bill is overruled, and the motion for an injunction granted.